The Honorable Jay Bradford State Representative Post Office Box 8367 Pine Bluff, AR 71611-8367
Dear Representative Bradford:
I am writing in response to your request for my expedited opinion on a question you have posed on behalf of Pine Bluff Mayor Dutch King. I will paraphrase the mayor's question as follows:
 In light of the legislature's enactment of Acts 1997, No. 1078, § 2, should you reconsider your conclusion in Ark. Op. Att'y Gen. No. 2004-185 that successor airport commissioners must be appointed by the mayor subject to a ¾ supermajority vote of approval by the city council, as opposed to a mere majority vote of approval by the city council?
In support of his request for reconsideration of my previous opinion, Mayor King has offered the following analysis:
 I have reviewed the Attorney General's recent opinion number 2004-185 concerning the appointment and confirmation of members of Municipal Airport Commissions. It appears to me that the amendment to the law in 1997 rewrote the section cited in the opinion that required the approval of three-fourths majority of the council for successor
appointments. As such, I believe that 14-359-105 should be interpreted as it is written, i.e., that appointments are simply "subject to the approval of the council," not requiring a three-fourths majority.
(Emphasis in original.)
RESPONSE
In my opinion, the answer to this question is "no." Act 1078 of 1997 did not amend in any way the applicable legislation relating to the size of the city-council majority required to approve a mayor's appointment of successor commissioners. Accordingly, as I concluded in Opinion No.2004-185, the controlling legislation is Acts 1949, No. 53, § 4, which mandates that a mayor's appointment of successor commissioners be approved by a ¾ majority of the city council.
As Mayor King notes in his recitation, the applicable statute is A.C.A. § 14-359-105 (Supp. 2003), which provides:
 (a) The commissioners shall be appointed by the mayor and confirmed by a three-fourths (3/4) vote of the elected and qualified members of the city council.
 (b)(1) The commissioners first appointed and confirmed shall serve terms of one (1), two (2), three (3), four (4), and five (5) years, with two (2) commissioners serving terms of four (4) years and two (2) commissioners serving terms of five (5) years. The terms shall be designated by the mayor.
 (2) Upon the expiration of their respective terms, their successors shall be appointed by the mayor, subject to the approval of the council, for terms of five (5) years.
 (c) The commissioners shall file the oath required by law in the State of Arkansas.
 (d) For municipal airport commissions in existence on August 1, 1997, the initial terms of the two (2) new members shall be as follows:
 (1) One (1) new member shall serve an initial term of four (4) years; and
(2) One (1) new member shall serve an initial term of five (5) years.
(Emphases added.)
In my previous opinion, I concluded that the second highlighted passage should be read as requiring the same ¾-majority approval by the city council as the first highlighted passage. I based this conclusion on Acts 1949, No. 53, § 4, which provides:
 Said Commissioners shall be appointed by the Mayor by a three-fourths vote of the duly elected and qualified members of the city council, and shall hold office for a term of 5 years; provided that these Commissioners first appointed and confirmed after the passage of this Act, shall serve for terms of 1, 2, 3, 4 and 5 years each, to be designated by the Mayor and therefore [sic: "thereafter"?] upon the expiration of their respective terms, their successors shall be appointed by the Mayor subject to the approval of three-fourths of the duly elected and qualified members of the City Council for a term of 5 years. . . .
(Emphasis added.)
I continue to subscribe to my previous opinion not only because the pertinent legislation allows no other conclusion, but also because the legislation as codified in A.C.A. §§ 14-359-105(a) and -105(b) supports the conclusion. In my opinion, subsection (a) of this statute states a general rule that a mayoral appointment will require a ¾ supermajority vote of the city council in order to be confirmed. Without restating the supermajority requirement, subsection (b)(1) addresses the terms of "commissioners first appointed and confirmed." Likewise without restating the supermajority requirement, subsection (b)(2) addresses the terms of "their successors." In my opinion, it is simply not necessary to restate the general requirement of supermajority confirmation in subsection (b), which is primarily concerned with establishing the length and the staggering of terms.
Mayor King apparently believes that the applicability of Act 53 of 1949
is questionable in light of the legislature's enactment of Acts1997, No. 1078, § 2, which amended the pertinent section of A.C.A. § 14-359-105 to provide as follows:
 (a) The commissioners shall be appointed by the mayor and confirmed by a three-fourths (3/4) vote of the elected and qualified members of the city council.
 (b)(1) The commissioners first appointed and confirmed shall serve for terms of one (1), two (2), three (3), four (4), and five (5) years, with two (2) commissioners serving for a term of four (4) years and two (2) commissioners serving for a term of five (5) years. The terms shall be designated by the mayor.
 (2) Upon the expiration of their respective terms, their successors shall be appointed by the mayor, subject to the approval of the council, for a term of five (5) years.
The underscored language, which marks the only amendment of previous law, has no bearing whatsoever on the question of whether a mayor's appointment of successor commissioners must be approved by a ¾ supermajority of the city council. Given that Act 53 of 1949, which expressly requires a ¾ supermajority vote by the city council to confirm successor appointees, is the only legislation addressing this issue, I see no basis for modifying my previous opinion.
Having offered this conclusion, I should note that the language set forth in A.C.A. § 14-359-104(b)(2) on the issue of city-council confirmation of successor commissioners does not directly track the statutory language in effect from the time the legislature enacted Act 53 of 1949. Prior to the enactment of the Arkansas Code of 1987, the codification of Acts1949, No. 53, § 4 was not broken into subsections, instead being set forth in a single paragraph that expressly set forth the ¾ supermajority requirement for confirmation of successor commissioners, as does the underlying legislation itself. For example, Ark. Stat. Ann. § 74-504 (Repl. 1979) provided in pertinent part:
 Appointment of commissioners — Term — Salary. — Said Commissioners shall be appointed by the Mayor and confirmed by a three-fourths [3/4] vote of the duly elected and qualified members of the City Council, and shall hold office for a term of 5 years; provided that these Commissioners first appointed and confirmed after the passage of this Act [§§ 74-501 — 74-518], shall serve for terms of 1, 2, 3, 4, and 5 years each, to be designated by the Mayor and therefore [sic: "thereafter"?] upon the expiration of their respective terms, their successors shall be appointed by the mayor subject to the approval of three-fourths [3/4] of the duly elected and qualified members of the City Council for a term of 5 years. . . .
(Noncorrective bracketed entries in original.)
It appears, then, that earlier versions of the statute, like the underlying legislation itself, explicitly recited the ™ supermajority requirement as applying both to the initial appointment of commissioners and to the subsequent appointment of successor commissioners. In my opinion, this distinction in codification between the former Arkansas Statutes Annotated and the current Arkansas Code Annotated is without significance in light of the fact that the legislature has never retreated from its unambiguous requirement that both initial appointees and successor appointees to an airport commission be approved by a ¾ supermajority of the city council.
Representatives of the current Arkansas Code Revision Commission inform me that their records regarding the history of amendments to the codification of Act 53 of 1949 contains no suggestion that the legislature ever intended to modify the supermajority requirement for approval of successor commissioners. The Commission speculates that in breaking what had been a single paragraph into sections, its representatives simply assumed that the general required voting majority referenced in subsection (a) of the statute would be read as applicable in subsection (b). I am informed that the Commission follows a practice of not repeating the precise terms of a voting requirement in subsequent subsections of a particular statute if the context does not dictate doing so. The Commission acknowledges that the legislative history contains no suggestion that the General Assembly ever intended to repeal the supermajority requirement applicable to the confirmation of successor commissioners.
Even if the current version of A.C.A. § 14-359-105(b) standing alone might be read as supporting a contrary conclusion regarding legislative intent, I believe that reading could not prevail in light of the legislative history discussed in my previous opinion, which reflects that the legislature has never done anything to support that contrary reading. If a court were to conclude that the current Code states a voting requirement other than the one set forth in Act 53 of 1949 — a conclusion I doubt it would reach — I believe the Court would further conclude that the provisions of Act 53 would nevertheless control. In support of this prediction, I can do no more than recite A.C.A. § 1-2-103
(Repl. 1996), which provides in pertinent part:
 (a) All acts, codes, and statutes, and all parts of them and all amendments to them of a general and permanent nature in effect on December 31, 1987, are repealed unless:
* * *
 (2) Omitted improperly or erroneously as a consequence of compilation, revision, or both, of the laws enacted prior to this Code, including, without limitation, any omissions that may have occurred during the compilation, revision, or both, of the laws comprising this Code; or
 (3) Omitted, changed, or modified by the Arkansas Code Revision Commission, or its predecessors, in a manner not authorized by the laws or the constitutions of Arkansas in effect at the time of the omission, change, or modification.
 (b) In the event one of the above exceptions should be applicable, the law as it existed on December 31, 1987, shall continue to be valid, effective, and controlling.
If one were to read A.C.A. § 14-359-105(b)(2) as requiring only a majority vote of the city council to confirm a mayor's appointment of a successor commissioner — a reading I do not believe is warranted — I believe the statute thus construed would conflict with Act 53 of 1949, which would control under the terms of the statute just recited.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh